Insurance Commissioner
ACCEPTED SOF
JAN 27 2022
TIME: 1PM

SUPERIOR COURT OF WASHINGTON
FOR KING COUNTY

| | |
|---|---|
| IMCO CONSTRUCTION, INC., a Washington corporation,<br><br>Plaintiff,<br><br>v.<br><br>NAVIGATORS INSURANCE COMPANY, a foreign corporation,<br><br>Defendant,<br><br>and<br><br>ZURICH AMERICAN INSURANCE COMPANY, foreign corporation; BERKSHIRE HATHAWAY SPECIALTY INSURANCE COMPANY, a foreign corporation;<br><br>Additional Parties. | NO.<br><br>COMPLAINT |

## I.  PARTIES

1. Plaintiff IMCO Construction, Inc. ("IMCO") is a Washington corporation with offices in Bellevue and Ferndale, Washington. Plaintiff is a corporation in good standing and has otherwise satisfied all requisites to the proper filing of this suit.

2. Navigators Insurance Company ("Navigators") is an insurance company incorporated outside Washington, but doing business in King County, Washington, as a liability insurer and issuer of primary and excess liability insurance.

COMPLAINT - 1

Ashbaugh Beal
701 FIFTH AVE., SUITE 4400
SEATTLE, WA 98104
T. 206.386.5900 F. 206.344.7400

3. Zurich American Insurance Company ("Zurich") is an insurance company incorporated outside Washington, but doing business in King County. Zurich's joinder is necessary for a full disposition of the declaratory judgment sought herein.

4. Berkshire Hathaway Specialty Insurance Company ("Berkshire") is an insurance company incorporated outside Washington, but doing business in King County. Berkshire's joinder is necessary for a full disposition of the declaratory judgment sought herein.

## II. JURISDICTION AND VENUE

5. In late summer 2020, Jeffrey Pietras brought suit against IMCO in King County Cause Number 20-2-123090-1 SEA (the "Underlying Suit") alleging he suffered an electrical shock in a construction jobsite accident. IMCO's insurance broker delivered the suit to Zurich for initial handling. Zurich in house attorney David Jensen tendered defense of the suit to Navigators, pursuant to primary and non-contributory insurance Navigators had provided IMCO by endorsements to its primary policy. Navigators accepted defense pursuant to a reservation of rights, and paid for IMCO's defense through October 18, 2021. Prior to January 25, 2022, IMCO exercised its right of selective tender of indemnity to Navigators and pursuant to *Mutual of Enumclaw v USF Insurance*, 164 Wn.2d 411 (2008). Prior to January 25, 2022, IMCO advised Navigators that IMCO had elected *not* to tender indemnity to Zurich or Berkshire for the first $10 million of any settlement or judgment which might be made/entered against IMCO. In violation of the ruling in *Mutual of Enumclaw v USF Insurance*, and the "cornerstone" rule of insurance that an insurer "never" put its own interests ahead of its insured's, Navigators purported to "require" IMCO to "acknowledge that Navigators will only fund a settlement with the understanding that it can file a claim against IMCO's insurers to reimburse any amount paid by Navigators on the basis that

COMPLAINT - 2

Ashbaugh Beal
701 FIFTH AVE., SUITE 4400
SEATTLE, WA 98104
T. 206.386.5900 F. 206.344.7400

1 [Zurich and Berkshire] are properly responsible under the respective insurance policies and/or must otherwise contribute to the settlement." IMCO declined to "acknowledge" or agree to this condition. Navigators proceeded to settle the Underlying Lawsuit, conditioned upon approval of the settlement by the Department of Labor and Industries. Navigators also took the same position with respect to settlement authority it granted IMCO's defense counsel to settle with a second injured worker in the accident, William Hopoi. The acts, omissions and conduct of Navigators detailed in this complaint constitute insurance transactions within the meaning of RCW 48.01.020 and RCW 48.01.060.

6. The amount in controversy exceeds $75,000 exclusive of costs and interest, and accordingly this court has subject matter jurisdiction of this dispute.

## III. BACKGROUND FACTS

7. In July of 2020, an accident occurred at a construction project known as the Madison Dam project. Two employees, of IMCO's subcontractor Associated Underwater Services ("AUS") Jeffrey Pietras and William Hopoi, were allegedly injured in the accident. In November of 2020, Navigators accepted a tender of defense made on behalf of IMCO of a suit filed by Jeffrey Pietras, reserved its rights, and in doing so, became bound by "enhanced obligations" of good faith, as set forth in *Tank v. State Farm,* 105 Wn.2d 381 (1986). Navigators provided the defense through the Schwabe Williamson Law Firm ("Schwabe") up through October 18, 2021. Pursuant to *Tank*, both Navigators and Schwabe were required under *Tank* to understand that "only the insured is the client."

8. Navigators was obligated under *Tank* to furnish IMCO with "developments" related to its policy coverage. Navigators failed to inform IMCO of *any* developments related to its coverage at any time between November of 2020 and October 18, 2021.

9. In September of 2021, Schwabe attorney Molly Henry began a series of correspondence with IMCO taking exception to what she perceived as IMCO's refusal to pursue indemnity coverage from Zurich.

On October 18, 2021, Schwabe informed IMCO it was withdrawing from its representation of IMCO because "IMCO has failed to follow Schwabe's legal advice to appoint coverage counsel who would ensure that all of IMCO's insurers are (1) on notice of the claims and (2) kept reasonably apprised of the matter." At the time she wrote her correspondence, she knew Zurich and Berkshire were on notice because adjusters for both contacted her office seeking materials relevant to her firm's defense.

10. On October 26, 2021, counsel for IMCO wrote to Navigators setting forth specific acts Navigators took in its handling of the defense of IMCO, in which Navigators repeatedly placed its own interests ahead of those of IMCO. One of the acts was Navigators' efforts to deprive IMCO of its right of selective tender of defense and indemnity pursuant to *Mutual of Enumclaw v. USF Insurance*. IMCO declared Navigators to be in breach of its duty of good faith, and informed Navigators of IMCO's claim of coverage by estoppel in the full amount of any settlement or judgment made or rendered in favor of the plaintiffs in the Underlying Suit. Navigators denies that it is ultimately liable for the full amount of the settlement, having written to IMCO purporting to reserve its rights to recover some or all of the defense and settlement from other IMCO insurers including Zurich and Berkshire.

11. From October 26, 2021 through the date of the settlement, Navigators continued to violate its duty under *Tank* to inform IMCO of "developments" related to its coverage. More specifically, Navigators failed to disclose the facts it had uncovered in the investigation it was obligated under *Tank* to conduct, or explain why the doctrine of efficient

COMPLAINT - 4

proximate cause (described by IMCO in its October 26, 2021 correspondence) didn't apply to provide coverage for IMCO. Navigators expressly refused to provide a copy of the investigation and other claim file materials it was required to keep pursuant to WAC 284-30-340.

12.  As mediation of the Underlying Suit approached, Navigators continued its efforts to deprive IMCO of its right under *Mutual of Enumclaw v. USF* to selectively tender the first $10 million of any indemnity for the Underlying Suit solely to Navigators. While this was in the interests of Navigators, it was not in the interests of IMCO.

13.  During the week of January 17, 2022, IMCO demanded in writing that Navigators withdraw its "requirement" that IMCO acknowledge "that [Navigators] will only fund a settlement with the understanding that [it] can file a claim against IMCO's insurers to reimburse any amount paid [by Navigators] on the basis that [Zurich and Berkshire] are properly responsible under the respective insurance policies and/or must otherwise contribute to the settlement." Navigators refused. On January 25, 2022, representative Edward Thiemann of Navigators attended mediation of the Underlying Suit before the Honorable John Erlick (Ret.). On January 26, 2022 Mr. Thiemann signed a CR2A Agreement committing to pay the settlement he negotiated the previous day.

14.  Navigators not only authorized IMCO to enter into a settlement of the Underlying Suit, it also authorized a settlement with William Hopoi for an amount within the limits of its coverage. Navigators continues to dispute the right of IMCO to have selectively tendered indemnity to Navigators, and continues to dispute its ultimate liability for some or all of both settlements. Navigators also disputes its ultimate liability for defense costs it incurred in defending under reservation of rights, in violation of the holding in *National*

COMPLAINT - 5

Ashbaugh Beal
701 FIFTH AVE., SUITE 4400
SEATTLE, WA 98104
T. 206.386.5900 F. 206.344.7400

1. *Surety Corporation v. Immunex*. Berkshire denies it has liability for any portion of any settlement which is covered by Navigators. On information and belief, IMCO alleges Zurich's position is likewise.

15. Neither of Navigators' policies give it the right to settle underlying claims while reserving the right to recover the settlement from other insurers to whom the insured has not tendered indemnity.

## IV.   CAUSES OF ACTION

### FIRST CAUSE OF ACTION—Declaratory Judgment

16. IMCO incorporates each of the allegations in Paragraphs 1-15 above as though fully set forth herein.

17. There is a clear and present dispute between IMCO, Zurich and Berkshire on the one hand and Navigators on the other, concerning the ultimate responsibility of Navigators for settlement of the Underlying Suit.

18. There is a clear and present dispute concerning the failure of Navigators to comply with RCW 48.01.030 and WAC 284-30-370.

19. There is a clear and present dispute between IMCO, Zurich and Berkshire on the one hand and Navigators on the other, concerning primary and non-contributory coverage by Navigators for settlement of the Underlying Suit and the settlement with Mr. Hopoi.

20. There is a clear and present dispute between Navigators and IMCO as to whether Navigators is legally permitted to deprive IMCO of its right of selective tender of indemnity pursuant to *Mutual of Enumclaw v. USF Insurance*.

21. There is a clear and present dispute between all parties hereto as to whether or not IMCO's selective tender of indemnity for the Hopoi and Pietras' claims bars Navigators from maintaining a "reimbursement" or contribution action against Zurich or Berkshire.

COMPLAINT - 6

Ashbaugh Beal
701 FIFTH AVE., SUITE 4400
SEATTLE, WA 98104
T. 206.386.5900  F. 206.344.7400

22. There is a clear and present dispute concerning the respective rights and obligations amongst plaintiff herein and all other parties to this suit, for settlement of the Underlying Suit and any settlement with Mr. Hopoi.

23. Plaintiff is entitled to declaratory judgment pursuant to RCW 7.24 et seq., declaring the respective rights and obligations amongst the parties hereto.

**SECOND CAUSE OF ACTION—Breach of Contract**

24. IMCO incorporates each of the allegations in Paragraphs 1-23 above as though fully set forth herein.

25. The refusal of Navigators to accept full and final liability for settlement of the Underlying Suit and/or the settlement with Mr. Hopoi constitutes a breach of the primary and non-contributory coverage promised in its policies.

26. Plaintiff has been damaged by Navigators' breaches in an amount to be proven at trial.

**THIRD CAUSE OF ACTION—Tortious Conduct**

27. IMCO incorporates each of the allegations in Paragraphs 1-26 above as though fully set forth herein.

28. Navigators continuously placed their own interests ahead of those of IMCO's, in violation of a "cornerstone" rule of insurance. Navigators' acts were detailed in correspondence dated October 26, 2021 and correspondence written on behalf of IMCO during the week of January 17, 2022. These acts created a presumption of harm to IMCO, including impairment of IMCO's right of selective tender of indemnity.

29. Navigators has failed to rebut the presumption of harm, and is estopped to deny IMCO full coverage for settlement of the Underlying Suit authorized and negotiated by

Navigators at the January 25, 2022 mediation of the Underlying Suit as well as any settlement with Mr. Hopoi.

30. Navigators is liable for all defense costs incurred in connection with the Underlying Suit through the Schwabe and Forsberg and Umlauf Firms, in an amount to be determined at trial. To date, Navigators has failed to make payment for defense costs rendered on an expedited basis after October 18, 2021.

## IV. PRAYER FOR RELIEF

WHEREFORE, having stated its complaint against defendant, plaintiff pleads for the following relief:

A. For Declaratory Judgment, declaring the respective rights and obligations of the parties hereto concerning ultimate liability for the settlement of the Underlying Suit.

B. For money damages in an amount to be proven at trial.

C. Prejudgment interest.

D. Actual and reasonable attorney's fees and other costs, pursuant to contract, statute, and/or recognized grounds in equity.

E. Such other and further relief as the court may deem just and equitable.

DATED: January 27, 2022.

ASHBAUGH BEAL LLP

By: s/ Richard T. Beal, Jr.
Richard T. Beal, Jr., WSBA #9203
rbeal@ashbaughbeal.com
*Attorneys for Plaintiff*

COMPLAINT - 8

Ashbaugh Beal
701 FIFTH AVE., SUITE 4400
SEATTLE, WA 98104
T. 206.386.5900 F. 206.344.7400